IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 1:11cr69-HSO-JCG-2
 CIVIL NO. 1:16cv174-HSO

MARY JEAN LASSABE  DEFENDANT

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT MARY JEAN LASSABE'S MOTION UNDER
28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY [226]**

BEFORE THE COURT is Defendant Mary Jean Lassabe's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [226], filed May 26, 2016. After due consideration of the § 2255 Motion, the record, and the relevant legal authority, the Court finds that the Motion is barred by the applicable statute of limitations and should be summarily dismissed pursuant to Rule 4 of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS ("Section 2255 Rules").[1]

I.  BACKGROUND

On September 5, 2012, Defendant Mary Jean Lassabe ("Defendant") pled guilty to Count 6 of the Indictment. *See* Plea Agreement [114] and Plea Suppl. [115]. On December 20, 2012, the Court sentenced Defendant and Judgment was

---

[1] The Court has the authority to summarily dismiss a § 2255 motion sua sponte, without ordering the Government to respond, pursuant to Rule 4(b) of the § 2255 Rules. *See Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999).

entered December 21, 2012. J. [136]. On December 31, 2012, Defendant filed a Motion for Reconsideration of Sentence, or Alternatively, Motion to Extend of [sic] Time to Appeal Sentence [137] seeking various forms of relief. The Court entered an Order on January 8, 2013, which granted, in part, Defendant's Motion [137], and allowed additional time until February 4, 2013, for Defendant to file an appeal. The Court denied her Motion [137] in all other respects. Order [139] at 1-2. No appeal was filed.

Over three years later, on May 26, 2016, Defendant's § 2255 Motion was filed. Defendant seeks to set aside her December 21, 2012, Judgment of Conviction for knowingly and intentionally possessing with intent to distribute oxycodone, a Schedule II narcotic controlled substance, in violation of Sections 841(a)(1), Title 21, United States Code. J. [136] at 1-7.

## II. DISCUSSION

A prisoner incarcerated by order of a federal court has one year to attack the constitutionality of the sentence. Title 28, United States Code, Section 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

>   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

The Court sentenced Defendant on December 20, 2012. J. [136] at 1. The Judgment and Commitment Order was entered on December 21, 2012. J. [136] at 1-7. Thereafter, Defendant was granted additional time until February 4, 2013, to appeal. Order [139] at 1-2. No appeal was filed. Consequently, Defendant would have had until February 4, 2014, to file a § 2255 motion. Defendant's Motion was not received by the Clerk of Court until over two years later, on May 26, 2016.[2]

In her §2255 Motion, Lassabe alleges ineffective assistance of counsel because counsel failed to: (1) "file a notice of appeal after sentencing when I asked was there 'something' that could be done" to get a lower sentence; (2) "challenge the amount of oxycodone attributed to defendant because part of the amount" she claims was for her "personal use;" and (3) "explain the appeal process." Mot. [226] at 3-4. Defendant also asserts that her constitutional due process rights under the

---

[2] In her § 2255 Motion [226], Lassabe declares under penalty of perjury that she placed her Motion in the prison mailing system on May 13, 2016. Mot. [226] at 7. Even if the Court considers the Motion to have been filed on May 13, 2016, pursuant to the mailbox rule for pro se prisoners, Defendant's Motion is untimely because it was not filed within one year of her sentence becoming final. *See* 28 U.S.C. § 2255(f)(1); Rule 3(d) of the Section 2255 Rules; *see also Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).

Fifth Amendment were violated because her guilty plea was "unlawfully induced or not made voluntarily or with understanding the nature of the charge and consequences of the plea." Mot. [226] at 5. However, Defendant has not alleged any impediment to submitting her Motion or that the Government prevented her from seeking relief. Nor is her Motion based on any facts that were not readily apparent at the time she was sentenced. Consequently, the relief sought in Defendant's § 2255 Motion is untimely.

The Fifth Circuit has held that the district court has discretion to invoke equitable tolling of the one-year statute of limitations set forth in § 2255. *See Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). However, equitable tolling should only apply in "rare and exceptional circumstances." *United States v. Petty*, 530 F.3d 361, 364 (5th Cir. 2008) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). "[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 391 (5th Cir. 1999)(citing *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991)).

To show that equitable tolling is appropriate in this case, Defendant would be required to show that "(1) [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way" preventing her timely filing of the Motion. *Petty*, 530 F.3d at 365 (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)). Defendant's Motion contains only one assertion, that she is "not

versed in federal law and was unaware of my rights," that might be construed as an attempt to demonstrate that equitable tolling should apply.  Mot. [226] at 3.

Defendant's assertion standing alone is insufficient to establish equitable tolling.  Lack of legal training, ignorance of the law, or unfamiliarity with the legal process are insufficient reasons for equitable tolling, even for an incarcerated pro se petitioner, and generally do not excuse prompt filing.  *Petty*, 530 F.3d at 365-66; *Fisher*, 174 F.3d at 714.  Thus, Defendant has not provided sufficient evidence or argument to establish that the statute of limitations should be tolled.

### III.   EVIDENTIARY HEARING

Although Defendant does not appear to request an evidentiary hearing, the Court finds that a hearing is not required because the Motion is time-barred.  A defendant is only entitled to an evidentiary hearing on his § 2255 motion if he has presented "independent indicia of the likely merit of [her] allegations." *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (citation omitted).

### IV.   CONCLUSION

It plainly appears from the face of Defendant's § 2255 Motion and the prior proceedings in the case that Defendant's § 2255 Motion is barred by the one-year statute of limitations. Consequently, Defendant is not entitled to relief and Defendant's § 2255 Motion should be summarily denied.  Accordingly,

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that Defendant Mary Jean Lassabe's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [226] is **DENIED** without an evidentiary hearing.

**SO ORDERED AND ADJUDGED**, this the 8th day of June, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE