IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 1:11cr69-HSO-JCG-2
    CIVIL NO. 1:16cv321-HSO

MARY JEAN LASSABE                                              DEFENDANT

**ORDER SUMMARILY DISMISSING AS SUCCESSIVE
DEFENDANT MARY JEAN LASSABE'S MOTION UNDER
28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY [238]
AND MOTION PURSUANT TO 28 U.S.C. § 2255 TO VACATE
SET ASIDE SENTENCE IN LIGHT OF RETROACTIVE
EFFECT OF THE CLARIFYING AMENDMENT (794) [238-1]**

BEFORE THE COURT is Defendant Mary Jean Lassabe's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [238], and Motion Pursuant to 28 U.S.C. § 2255 to Vacate Set Aside Sentence in Light of Retroactive Effect of the Clarifying Amendment (794) [238-1] filed September 1, 2016.  After due consideration of the Motions, the record, and relevant legal authority, the Court finds that both Motions constitute successive § 2255 Motions filed by Defendant, that Defendant did not seek or obtain authorization from the United States Court of Appeals for the Fifth Circuit to file a successive motion, and that the Motions should be summarily dismissed for lack of

jurisdiction pursuant to Rule 4 of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS ("Section 2255 Rules").[1]

## I. BACKGROUND

On June 8, 2016, the Court denied Defendant Mary Jean Lassabe's ("Defendant") first § 2255 Motion [226] as untimely. *See* Mem. Op. and Order [229]. Defendant filed an Appeal [233] to the United States Court of Appeals for the Fifth Circuit. On July 28, 2016, the Appeal was dismissed for want of prosecution. Judgment/Mandate [235]. On August 15, 2016, the Court entered an Order [236] reducing Defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2).

Defendant filed her second § 2255 Motion [238] on September 1, 2016, again asserting a claim of ineffective assistance of counsel based upon counsel's failure to file an appeal of her Judgment [136], and to object to the quantity of drugs upon which her sentence was calculated. Mot. [238] at 4-5. Attached to her Motion was a document [238-1] titled "Motion Pursuant to 28 U.S.C. § 2255 to Vacate Set Aside Sentence in Light of Retroactive Effect of the Clarifying Amendment (794)" in which Defendant appears to contend: (1) that under the amendments to the Sentencing Guidelines that set forth factors to be considered by a court in determining a defendant's "culpable role" in a conspiracy, she should be granted "a sentencing departure of up to (4) levels" because she was a mere "peon" in the criminal

---

[1] The Court has the authority to summarily dismiss a § 2255 motion sua sponte, without ordering the Government to respond, pursuant to Rule 4(b) of the § 2255 Rules. *See Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999).

endeavor, Mot. [238-1] at 1-3; and (2) that her 2255 Motion should not be considered successive because the Order [236] reducing her sentence constituted "a new judgment" from which she is entitled to post-conviction review, Mot. [238-1] at 3-5.

## II.   DISCUSSION

After review of the documents filed on September 1, 2016, it appears to the Court that Defendant has filed not one but two successive § 2255 Motions without obtaining prior authorization from the Fifth Circuit.  Even if the Court were to review these Motions, it appears that Defendant is not entitled to relief under either.

Clearly, the two issues raised in the second successive § 2255 Motion [238], ineffective assistance of counsel and the drug quantity calculation for purposes of sentencing, were the same issues raised in Defendant's first § 2255 Motion [226] and this Court lacks jurisdiction to entertain them.

Defendant did raise two new issues in her third § 2255 Motion [238-1].  The first issue seeks review of the four level enhancement of her sentence for being an organizer or leader based upon the amendments to the U. S. SENTENCING GUIDELINES MANUAL.  This an issue that could have been raised in Defendant's first § 2255 Motion, thus this Court lacks jurisdiction to entertain this issue in this successive motion.  *United States v. Jones*, 796 F.3d 483, 485 (5th Cir. 2015); *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998).  The second issue raised by Defendant is

that, based upon the Court's August 15, 2016, Order [236] reducing Defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2), Defendant was entitled to file a new § 2255 Motion to challenge the "new judgment."  Motion [238-1] at 3-5.  This request for relief lacks a sufficient legal basis because the Fifth Circuit has held that an order reducing a sentence pursuant to Section 3582(c)(2) does not qualify as a new judgment and "does not wipe clean the slate of habeas applications" that were previously filed.  *Jones*, 796 F.3d at 486.

Based upon the record, the pleadings and relevant legal authority, the Court finds that it lacks jurisdiction over Defendant's second and third successive § 2255 Motions [238] [238-1], and these Motions should be summarily dismissed.  *United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015); *see In re Hartzog*, 444 F. App'x 63, 64-65 (5th Cir. 2011) ("If a second or successive section 2255 motion is filed in the district court before leave of this Court has been obtained, the district court may either dismiss the motion for lack of jurisdiction, or it may transfer the motion to this Court.").

### III.   CONCLUSION

For the reasons set forth herein, the Court finds that Defendant Mary Jean Lassabe's second and third successive § 2255 Motions [238] [238-1] should be summarily dismissed.  Accordingly,

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that Defendant Mary Jean Lassabe's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [238] and "Motion Pursuant to 28 U.S.C. § 2255 to Vacate Set Aside Sentence in Light of Retroactive Effect of the Clarifying Amendment (794)" [238-1] are **SUMMARILY DISMISSED**.

**SO ORDERED AND ADJUDGED**, this the 13th day of September, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE